FILED
SEP -4 AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 4 1998

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWINA VAHLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 97-G-3150-S |
| CAROLE BROWNER, in her official ) | |
| capacity as Administrator of the United ) | |
| States Environmental Protection ) | |
| Agency, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This cause is before the court upon the defendant's motion to dismiss, which the court has elected to treat as a motion for summary judgment. The plaintiff brought this action under the Clean Air Act ("CAA") seeking a declaration that the Administrator of the United States Environmental Protection Agency ("Administrator") is in violation of her nondiscretionary duties found at 42 U.S.C. §§ 7509(c) and 7511(b)(2). The plaintiff also asks this court to require the Administrator to reclassify the Jefferson and Shelby County ozone

5

nonattainment area ("Jefferson/Shelby area") from "marginal" to "moderate" or "serious," and to impose various remedial measures on the Jefferson/Shelby area. The first issue that must be addressed is the court's subject matter jurisdiction.

> The Clean Air Act establishes a bifurcated system for judicial review of agency action. Under the "citizen suits" provision, any person may commence an action in the district court against the Administrator for failing to perform a nondiscretionary act or duty. 42 U.S.C. § 7604(a). On the other hand, the courts of appeals have original jurisdiction to review challenges to final agency actions. 42 U.S.C. § 7607.

<u>Farmers Union Central Exchange, Inc. v. Thomas</u>, 881 F.2d 757, 760 (9th Cir. 1989). Therefore, this court only has jurisdiction with respect to nondiscretionary agency actions. Section 7604(a)(2) provides the only permissible statutory basis for subject matter jurisdiction in the present case. That section provides in pertinent part as follows:

> (a) [A]ny person may commence a civil action on his own behalf—
>
> > (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

Whether a complaint alleges the failure of the Administrator to perform a nondiscretionary duty is a question of law. <u>Farmers Union</u>, 881 F.2d at 760.

A review of the complaint reveals that the only nondiscretionary duty upon which jurisdiction might be founded is that imposed by 42 U.S.C. § 7511(b)(2), which provides as follows:

> (A) Within 6 months following the applicable attainment date (including any extension thereof) for an ozone nonattainment area, the Administrator shall determine, based on the area's design value (as of the attainment date), whether the area attained the standard by that date. Except for any Severe or Extreme area, any area that the Administrator finds has not attained the standard by that date shall be reclassified by operation of law in accordance with table 1 of subsection (a) of this section to the higher of--
>
> > (i) the next higher classification for the area, or
> >
> > (ii) the classification applicable to the area's design value as determined at the time of the notice required under subparagraph (B).
>
> No area shall be reclassified as Extreme under clause (ii).
>
> (B) The Administrator shall publish a notice in the Federal Register, no later than 6 months following the attainment date, identifying each area that the Administrator has determined under subparagraph (A) as having failed to attain and identifying the reclassification, if any, described under subparagraph (A).

It is not disputed that the Jefferson/Shelby area was classified by operation of law as a marginal attainment area with an applicable attainment date of November 15, 1993. It is also not disputed that the EPA published in the Federal Register on September 19, 1997, a notice disapproving the State of

3

Alabama's request for redesignation of the Jefferson/Shelby area to "attainment." That notice contains the following:

> The request included information showing that the Birmingham area [Jefferson/Shelby area] had three years of air quality attainment data from 1990-1993. The area continued to maintain the ozone NAAQS through 1994.

62 F.R. 49,154 at 49,155 (Sept. 19, 1997). Thus the EPA has made the determination and published the notice required under 42 U.S.C. § 7511(b)(2), although somewhat belatedly. In addition, the plaintiff acknowledges that the Jefferson/Shelby area "enjoyed air quality good enough to be factually in attainment or compliant for ozone under the Act." (Plaintiff's Response at pp. 5-6.) The required notice was published prior to the filing of this action, and as such the plaintiff can point to no nondiscretionary duty that the Administrator has failed to perform.

The plaintiff has raised two other issues that the court feels compelled to address. First, the plaintiff argues that _de facto_ there were two one-year extensions of the attainment deadline. Therefore, she argues that the date upon which attainment would be determined would have been November 15, 1995. This argument is unpersuasive. The statutory authority for these extensions is found at 42 U.S.C. § 7511(5), which provides that "[u]pon application by any

4

State, the Administrator may extend for 1 additional year . . . the [attainment date]." There is no evidence in the record indicating either that the State of Alabama requested such extension or that the Administrator granted such extension. As noted, the Jefferson/Shelby area in fact met the attainment standard by the initial deadline. Therefore, there is no reason to find that a de facto extension was involved—the state having no reason to have desired such. There is, in short, no evidence indicating that such extensions were granted de facto.

The second issue raised by the plaintiff involves the Jefferson/Shelby area's failure to maintain its attainment status after the November 15, 1993, deadline. The plaintiff argues that 42 U.S.C. § 7511(b)(2) should be interpreted so as to require the EPA to reclassify an area that "backslides" into nonattaiment after its attainment date. Apart from the question of whether such reclassification would amount to a discretionary or nondiscretionary duty, the clear wording of the statute prevents such interpretation. The statute provides that the determination shall be "whether the area attained the standard by that date." 42 U.S.C. § 7511(b)(2)(A) (emphasis added). There can be no question that the date referred to is the attainment date established in 42 U.S.C. § 7511(a)(1), November 15,

1993, in the case of the Jefferson/Shelby area. Therefore, the statute is not remotely subject to the interpretation suggested by the plaintiff.

For the above reasons, the defendant is entitled to a judgment as a matter of law, there existing no genuine issue as to any material fact. An appropriate order will be entered contemporaneously herewith.

DONE this 4th day of September 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.